# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

GREGORY PEEPLES, JR.,        )
                               )
          Petitioner,       )
                               )
       v.                  )          No. 4:14-CV-175-JCH
                               )
JAMES HURLEY,            )
                               )
          Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Gregory Peeples, Jr.'s pro se application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court will deny and dismiss the petition for lack of subject matter jurisdiction.

### The Petition

Gregory Peeples, Jr., a Missouri state inmate presently confined at the Northeast Correctional Center, brings this § 2241 habeas action to challenge a federal detainer pending against him. Petitioner maintains that the United States Marshal filed a detainer with the Eastern Reception Diagnostic Correctional Center relative to a judgment and conviction entered against him in the United States District Court for the Eastern District of Missouri on February 29, 2008, ordering

petitioner to serve a term of imprisonment of forty-one months and two years of supervised release. *See United States v. Peeples*, No. 4:07-CV-597-JCH (E.D. Mo.). Petitioner is not challenging the validity of his state sentence or conviction. Rather, he is challenging the legality of the federal detainer, claiming that he is entitled to credit against his prospective federal sentence "for time spent in state prison."

## Discussion

Title 28 U.S.C. § 2241 provides in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless –

(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

Petitioner does not meet the federal "in custody" requirement of § 2241 at this time; he currently is in state custody serving a state sentence for a state conviction. The existence of the Marshal's detainer alone is not sufficient to render him in federal custody, and therefore, the Court presently lacks § 2241 habeas corpus jurisdiction to entertain petitioner's challenge to the detainer. *See Carter v. Uribe*, 2010 WL 234803, *2 (C.D. Cal. Jan. 13, 2010) (dismissing § 2241 habeas petition brought by state prisoner for lack of jurisdiction on basis that U.S. Marshal's federal detainer letter did not place petitioner in federal custody for habeas corpus purposes); *Powell v. U.S. Marshal Office*, 2009 WL 839999, *4 (E.D. Cal. Mar. 30, 2009) ("The Court has no habeas jurisdiction to entertain a challenge to possible future federal custody that has yet to eventuate."); *cf. Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994) (a "bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.").   For these reasons, petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied and dismissed, without prejudice, for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED**, without prejudice, for lack of subject matter jurisdiction.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 28th day of May, 2014.


/s/Jean C. Hamilton
  UNITED STATES DISTRICT JUDGE